**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **DAVID A. BARMER,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.: MJM-24-1693** |
| **DR. LINO QUILO, et al.,** | |
| **Defendants.** | |

**<u>MEMORANDUM ORDER</u>**

Self-represented plaintiff David A. Barmer filed this civil rights action against Dr. Lino Quilo and Lt. Howell (collectively, "Defendants"). ECF No. 8. Pursuant to this Court's Order dated February 18, 2026, ECF No. 28, Defendants both renewed their respective Motions to Dismiss the Second Amended Complaint, ECF Nos. 30 & 33. A hearing is not necessary to resolve the pending motions. *See* Local Rule 105.6 (D. Md. 2025). For the following reasons, the Court will grant Defendants' motions.

**I.    BACKGROUND**

In his Second Amended Complaint, Barmer raises several instances in which he allegedly did not receive adequate medical care. He states that while he was detained at Harford County Detention Center ("HCDC"), he was denied his medications between August 27 and September 5, 2024, causing him to be temporarily paralyzed after he suffered injury to his "left rotator cop + cocksit [sic] bone seperated [sic] body legs, shoulder and tailbone." ECF No. 8 at 3. According to Barmer, when his medications were reinstated, it was at a lower dosage which was ineffective for his nerve pain. *Id.* He filed grievances, but nothing happened. *Id.*

Barmer states that the same happened on September 23, 2023; his medications were discontinued, and he suffered a seizure on September 29. ECF No. 8 at 3. Barmer was taken to Upper Chesapeake Hospital. *Id.* Although difficult to discern, he appears to allege that Dr. Quilo did not believe Barmer remembered what happened to him. *Id.* He returned to HCDC without medication leading to more seizures until RN Stephanie reinstated his medications on October 1, 2023. *Id.* at 5. HCDC gave Barmer's lawyer a false medical report, which did not reflect what had occurred, apparently including an injury in 2020. *Id.* Barmer states that in the times he was without his medications, Lt. Howell acted like a mattress was sufficient to address his medical issues. ECF No. 8-1 at 2.

Barmer also includes allegations that he was assaulted by someone named John Leura but does not state where this occurred or whether this individual is an HCDC officer. ECF No. 8 at 4. Regardless, as Leura is not named as a defendant, it is unclear how this allegation relates to the rest of Barmer's claims. Similarly, Barmer references being tased three times but again he does not attribute this conduct to anyone, much less either of the named defendants. *Id.* at 6.

## II.    LEGAL STANDARDS

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and in a light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of

entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)).

### III.    DISCUSSION

In his motion, Dr. Quilo argues that he is entitled to dismissal of the Second Amended Complaint because Barmer fails to meet the pleading standards, fails to state either an Eighth or Fourteenth Amendment claim, and failed to exhaust his administrative remedies. ECF No. 32. Lt. Howell argues that he is entitled to dismissal because Barmer does not plead a cause of action with the requisite specificity, Barmer fails to state a claim under the Fourteenth Amendment, and Barmer has failed to exhaust his administrative remedies. ECF No. 33-1. Barmer has not filed an opposition to either motion.[1] Upon review, the Court agrees with Defendants that Barmer has not pleaded sufficient facts to state plausible claims for relief against either Dr. Quilo or Lt. Howell.

At a minimum, to raise a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant personally participated in a constitutional violation. *See Love-Lane v. Martin*, 355 F.3d

---

[1] Barmer filed a document on March 20, 2026, that does not appear to respond substantively to the motions to dismiss but seems to raise new claims and implicate new defendants. ECF No. 35. To the extent this document was intended to be a response to Defendants' motions, it is not the proper means to raise new claims or further amend his complaint. *See Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (stating that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd,* 141 F.3d 1162 (4th Cir. 1998); *Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 692 (D. Md. 2017) (stating it is axiomatic that a plaintiff may not use their memorandum in opposition to amend the complaint).

766, 782 (4th Cir. 2004); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). While Barmer identifies multiple times he did not receive his medications, one which apparently led to a seizure and hospitalization, he does not state how Dr. Quilo was involved or responsible for any alleged misconduct. Barmer's only factual statement concerning Dr. Quilo merely implies that he may not have believed that Barmer knew what happened to him during the seizure. This is a very liberal construction of what appears to be an unfinished sentence. No facts are offered to suggest that Barmer believes Dr. Quilo was responsible for terminating his medications.

Lt. Howell's involvement in the alleged events is similarly unclear. Again, an extremely liberal construction of the Second Amended Complaint possibly asserts that Lt. Howell told Barmer that a mattress was sufficient to address his pain or discomfort. Barmer does not explain how or whether Lt. Howell was involved in any of the medication decisions or personally denied him access to medical care. As such, to the extent Barmer sought to bring either an Eighth or Fourteenth Amendment claim concerning his medical care, he fails to state a claim against Defendants. To the extent Barmer sought to bring suit against Defendants in a supervisory capacity, his claims still fail. *See Love-Lane*, 355 F.3d at 782 (no respondeat superior liability under § 1983).

## IV.    ORDER

For the foregoing reasons, it is this 29th day of June, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendant Quilo's Motion to Dismiss (ECF No. 30) IS GRANTED;

2. Defendant Howell's Motion to Dismiss (ECF No. 33) IS GRANTED;

3. The Second Amended Complaint IS DISMISSED without prejudice;

4

4.  The Clerk SHALL PROVIDE a copy of this Memorandum Order to Barmer and to counsel; and

5.  The Clerk SHALL CLOSE this case.

_____/S/_____

Matthew J. Maddox
United States District Judge
